```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
              AIKEN DIVISION
```

Warren Charles Matha,            )
                                 )   C.A. No. 1:09-1366-MBS
                 Plaintiff,      )
                                 )
         vs.                     )
                                 )   **ORDER AND OPINION**
Susan N. Cain,                   )
                                 )
                 Defendant.      )

Plaintiff Warren Charles Matha filed the within action on May 26, 2009 seeking reimbursement for funds he alleges he expended for the benefit of Defendant Susan N. Cain. Plaintiff also seeks a declaration that Plaintiff owns a one-half interest in a parcel of real estate called Reveille Farm and that Defendant is responsible for one half of the debt on the farm. Defendant is pursuing a counterclaim against Plaintiff for intentional infliction of emotional stress. Entry 9 at 8-9.

This case is before the court on Defendant's motion for a restraining order, which was filed on June 18, 2009. Plaintiff responded to the motion on July 6, 2009. Defendant replied on July 17, 2009. On September 30, 2009, the court ordered the parties to file additional briefs addressing the standard for injunctive relief set out in *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009). On January 15, 2010, the court held a telephone conference to discuss the motion. That same day, Defendant filed a supplemental brief in support of her motion.

## **FACTS**

The parties were in a romantic relationship and lived together for approximately four years. While they were romantically involved, the parties allegedly both contributed funds to Reveille Farm, where Defendant intended to teach equestrian classes. Defendant further avers that Plaintiff

is a "rage-aholic" and has attempted suicide in her presence. Aff. of Susan Cain, June 15, 2009, ¶ 8. Defendant claims that the parties' relationship ended in 2006, but that Plaintiff continued to harass and stalk Defendant until Defendant wrote a certified letter dated August 22, 2007 telling Plaintiff to stay away. Defendant also alleges that she suffers panic attacks because of Plaintiff and has had to seek treatment from a psychiatrist because of Plaintiff. Aff. of Susan Cain, June 15, 2009, ¶¶ 7, 11.

Plaintiff avers that the relationship lasted through the end of August 2007 and that subsequent to the end of their relationship, Defendant invited Plaintiff to eat several meals together and see a movie. Aff. of Warren Matha ¶ 5. Defendant does not dispute that she invited Plaintiff on these outings. Plaintiff also avers that he has not seen or communicated with Defendant since October 22, 2007. *Id.* ¶ 2. Defendant admits that she has not seen or communicated with Plaintiff since October 22, 2007. Aff. Of Susan Cain, July 15, 2009, ¶ 4. That the parties have not been in contact since 2007 was confirmed by the court at the telephone conference.

## DISCUSSION

Defendant avers that a restraining order is necessary for her peace of mind and that Plaintiff may be using the legal process as a means of harassing Defendant. Defendant requests a restraining order prohibiting Plaintiff from "coming about, harassing, molesting, calling, emailing, texting, writing, or in any manner contacting, either directly or indirectly, the defendant throughout the duration of this litigation." Defendant's Motion for Restraining Order.

The Fourth Circuit has adopted the test set out by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374-76 (2008)**,** for preliminary injunctions. *See Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 ("the standard articulated in *Winter*

2

governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts."). This test also applies to restraining orders, which are a form of preliminary injunction. *See HCI Technologies, Inc. v. Avaya,* Inc., 241 F. App'x 115, 120-121 (4th Cir. 2007); *Alberti v. Cruise*, 383 F.2d 268, 271-72 (4th Cir. 1967). To obtain a restraining order under the *Winter* test, a movant must make a "clear showing" of four requirements: 1) that the movant is likely to succeed on the merits, 2) that the movant is likely to suffer irreparable harm in absence of injunctive relief, 3) that the balance of equities tips in the movant's favor, and 4) that an injunction is in the public interest. *Winter* 129 S. Ct. at 374; *see also The Real Truth About Obama*, 575 F.3d at 346. The *Winter* standard requires all four requirements to be "satisfied as articulated." *The Real Truth About Obama*, 575 F.3d at 346. This means that there is no flexible interplay among the factors. *Id.* In addition, courts usually do not issue injunctions to restrain torts such as harassment because there is usually an adequate remedy at law that may be pursued. *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967). Therefore, a movant carries a heavy burden when seeking a preliminary injunction. *The Real Truth About Obama*, 575 F.3d at 349.

With regard to second prong, the Fourth Circuit requires Defendant to show that the irreparable harm she faces without a restraining order is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citing *Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983)). Absent a showing that Defendant will suffer imminent irreparable harm, the court cannot grant Defendant a restraining order. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Defendant alleges that she will suffer irreparable harm in the absence of a restraining order because Plaintiff would harass her, causing irreparable harm to her mental health. Defendant further

3

alleges that her fear of Plaintiff will be with her for the rest of her life and any contact by Plaintiff would harm her mental health. However, because the parties have not been in contact with each other since 2007, the court finds that Defendant alleges only speculative, as opposed to imminent, harm. The court finds that Defendant has failed to meet the second prong of the *Winters* test and declines to address the remaining prongs. Because Defendant cannot meet all of the prongs of the *Winters* test, Defendant's motion for restraining order must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for restraining order (Entry 12) is **DENIED**.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              The Honorable Margaret B. Seymour
                                              United States District Judge

January 22, 2010
Columbia, South Carolina